ROSENN, Circuit Judge, dissenting.
The majority correctly concludes that this suit is not ripe with respect to the institutional parties. However, I disagree with the majority’s conclusion that “the controversy is ripe” because Rev. David Cummings arguably alleges as an individual that the statute threatens his right of speech. This conclusion ignores completely the allegations in the complaint that he is suing as the pastor of the Orthodox Presbyterian Church of New Jersey. I therefore respectfully dissent because I believe this case is not ripe for judicial disposition.
Article III, section 2 of the United States Constitution limits federal jurisdiction to actual “cases” and “controversies.” U.S. Const, art. Ill § 2. Thus, it forbids the issuance of advisory opinions. “The case or controversy requirement must be met regardless of the type of relief sought, including declaratory relief.” Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 410 (3d Cir.1992) (citation omitted). Additionally, “even if a declaratory judgment would clarify the parties’ legal rights, it should ordinarily not be granted unless ‘the parties’ plans of actions are likely to be affected by a declaratory judgment.’ ” Id. at 412 (citation omitted). Also, in cases concerning the Constitutionality of state statutes, this court should consider “the advantage of permitting state courts further opportunity to construe the challenged provision and perhaps in the process materially alter the question to be decided.” Id. (citation omitted) (quotation omitted). Finally, this court must presume that it lacks jurisdiction unless the record affirmatively demonstrates that jurisdiction exists; i.e. the plaintiff must persuade this court that jurisdiction exists. Renne v. Geary, 501 U.S. 312, 316, 111 S.Ct. 2331, 2336, 115 L.Ed.2d 288 (1991).
Federal courts consider three primary factors when reviewing a declaratory judgment action for ripeness: (1) adversity of interest between plaintiffs and defendants, (2) conclusivity, and (3) utility. Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 647 (3d Cir.1990).[1] The court weighs these and other relevant factors to determine if the issue is ripe. Here, the case is not ripe because no adversity of interest exists between the parties involved in this suit in light of the extensive protection afforded by New Jersey’s Law Against Discrimination (LAD) from interference with plaintiffs’ religious practices. Moreover, the Director of New Jersey’s Division on Civil Rights has represented that the State has not in the past prosecuted and has no intention to prosecute exempt religious organizations for religious beliefs, practices, or speech. Therefore, the conclusiveness and utility of a judgment rendered at this time are doubtful.
The majority correctly notes that the State of New Jersey has expressed its intention not to prosecute Rev. Cummings for actions taken as a member of the clergy engaging in the performance of religious functions and that the State has refused to waive enforcement of LAD against Cummings as an individual. The majority properly concludes that Cummings cannot pursue this suit as a representative of the church. The majority, however, strains in an effort to conclude that Cummings has sued in his individual capacity and in that capacity can pursue this case.
Cummings is clearly identified in the complaint as “Rev. David B. Cummings.” See e.g., plaintiffs’ caption in First Amended Complaint and ¶¶ 1 and 4. The complaint does not allege- that he sues in a secular *1472 capacity as an individual church member. Moreover, when this court heard an earlier appeal in this same case on an appeal from an order denying the plaintiffs’ application for a preliminary injunction, its memorandum opinion addressed Cummings only in his role as “an ordained minister of the Presbytery and the' pastor of one of its member churches.” In that appeal, appellants did not maintain that Cummings was acting as an individual and appellants have never amended their complaint to include Cummings or others as individual plaintiffs. Paragraph 4 of the complaint in this case specifically avers: “plaintiff, Rev. David B. Cummings is an ordained minister of the Presbytery, and the pastor of one of its New Jersey churches.” No reference is made to him as an individual. If any residual question still remains at this point as to Cummings’ status in this litigation, it is dissipated by paragraph 45 of the complaint. It states: “[t]he individual plaintiff [Cummings] is an agent of these entities [the churches].”
The majority does not point to any language that describes Cummings as an individual.[2] In fact, the first of the three paragraphs from the complaint quoted by the majority in support of their conclusion begins “[p]laintiff Cummings, other pastors and members of their congregations.... ” ¶ 51 of complaint (emphasis added). The plaintiffs’ use of the words “other pastors” immediately after “plaintiff Cummings” confirms that Cummings is acting as a pastor in this litigation and not as an individual. The additional paragraphs from the complaint quoted by the majority contain references to actions by “plaintiffs” without providing any evidence that the referenced “plaintiffs” include any individuals.
The district court observed that the individual members of the appellant churches were not plaintiffs in this action. Presbytery of N.J. of Orthodox Presbyterian Church v. Florio, 830 F.Supp. 241, 249 (D.N.J.1993). The record supports this observation. First, the complaint’s caption lists only one individual, Reverend Cummings.[3] Second, the record contains no information demonstrating that any of the church members are represented by the named plaintiffs or have consented to inclusion in this law suit.[4] ’ The district court properly noted that a ripe declaratory judgment action requires “a ‘real and immediate’ threat of enforcement against the plaintiff.” 830 F.Supp. at 249 (quoting Salvation Army v. Department of Community Affairs, 919 F.2d 183, 192 (3d Cir.1990)) (emphasis added by district court). Cummings brought this suit as an institutional representative. After the State’s affidavit averred that it would not prosecute him under LAD for actions taken as a pastor, no legitimate case or controversy remained.
Even if Cummings had pursued this case as an individual from the beginning, it is not ripe. “Where the plaintiff seeks- a declaratory judgment with respect to the constitutionality of a state statute, even where the attack is on First Amendment grounds, there must be a ‘real and immediate’ threat of enforcement.” Salvation Army, 919 F.2d at 192 (quoting Hardwick v. Bowers, 760 F.2d 1202, 1206-07 (11th Cir.1985)). Nothing in the record demonstrates any realistic threat that the state will enforce the amendments against Cummings as an individual. The State has merely refused to waive its right to prosecute Cummings; it has not taken any steps to prosecute him or anyone else under LAD. In a careful analysis, the able and *1473 experienced district judge noted that “[t]he plaintiffs’ professed fears of state enforcement of the LAD against their members appear to be based only on imagination or speculation, which is insufficient to create a ripe controversy.” 830 F.Supp. at 249 (citation omitted).
Despite the State’s refusal to waive enforcement of the LAD against Cummings and other members of the congregation as individuals, the record supports the district court’s finding that there is no realistic threat that the State will enforce the law against them. In the almost two years since the LAD became effective, neither the State nor any private individual has filed a complaint against a church member. Moreover, the district court found that the threat of an administrative or private suit has not had any discernible effect on their conduct. 830 F.Supp. at 249. To the contrary, the plaintiffs concede that since the enactment of the LAD in 1992, they have discriminated and spoken out against people based on their sexual orientation. The court thus found that the prospect that the plaintiffs will alter their actions out of fear.of a suit under the LAD is highly unlikely. 830 F.Supp. at 249. See Salvation Army, 919 F.2d at 193.
The plaintiffs have not demonstrated a real and substantial probability that the litigation they fear will occur; almost two years' have passed since the LAD became effective and no private suit or administrative complaint has been filed. See Armstrong, 961 F.2d at 412. Additionally, the district court found that there is “no credible evidence that any person or organization is contemplating such an action.” 830 F.Supp. at 249. The theoretical possibility that someone may file such a suit at some time in the future is not sufficient to render this action ripe. See Salvation Army, 919 F.2d at 193. Moreover, this court has noted that the relief the plaintiffs seek would not bind unidentified private parties and protect plaintiffs from private suits.
In addition to showing that the issues in this case are not fit for judicial decision, the record also shows that the withholding of an opinion at this time will not work a hardship on the parties. Despite the plaintiffs’ arguments to the contrary, they will suffer no “immediate and significant” hardship from the district court’s decision not to adjudicate this action at this time. See Felmeister v. Office of Attorney Ethics, Div. of New Jersey Administrative Office of Courts, 856 F.2d 529, 537 (3d Cir.1988). The court found that the plaintiffs have not changed their behavior due to the LAD amendments, that defendants will not subject the plaintiffs to an enforcement action, and that private enforcement of the statute against the plaintiffs is uncertain. Thus, the court did not err in concluding that its withholding of an opinion will not work a hardship on the plaintiffs.
Regardless how one views the merits of the amendments to the LAD, there is no reason whatsoever why this court should struggle to construct a theoretical controversy where none exists. Under the three Step-Saver factors, this case is not ripe for resolution. Therefore, I would affirm the order of the district court dismissing plaintiffs’ action.

. See, majority opinion at 1462-64 for a thorough and informative discussion of ripeness jurisprudence.

. Interestingly, of the three paragraphs quoted by the majority, Cummings only adopts paragraph 53 in his Affidavit in support of the complaint.

. I do not agree with the majority’s supposition that “Reverend” is used as a purely honorary term. In the context of this litigation, where the plaintiffs have carefully shielded Cummings from the possibility of counter-claims and the assessment of costs, "Reverend” is used precisely; it signifies Cummings' role as an institutional representative and separates Cummings the church representative, the plaintiff in this case, from Cummings the individual.

.On appeal, appellant contends that they are acting on behalf of their church members. However, they have provided no persuasive evidence to support this contention; mere references to church members within the body of the complaint are insufficient.